

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **BOONE COUNTY FIRE PROTECTION DISTRICT,** | ) ) ) | **WD84228** |
| **Respondent,** | ) ) | |
| | ) | **OPINION FILED: November 23, 2021** |
| **v.** | ) ) | |
| **CITY OF COLUMBIA, MISSOURI,** | ) ) | |
| **Appellant,** | ) ) | |
| **and** | ) ) | |
| **COUNTY OF BOONE, MISSOURI,** | ) ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Jeff Harris, Judge
Before Division Three: Lisa White Hardwick, Presiding Judge, Gary D. Witt, Judge and
Edward R. Ardini, Jr., Judge

The City of Columbia ("City") appeals the Circuit Court of Boone County's ("trial court") grant of summary judgment in favor of Boone County Fire Protection District ("BCFPD").[1] City raises three points on appeal: (1) the trial court erred in granting

---

[1] County of Boone did not file an appellate brief and thus waives argument. The County of Boone operates the Joint Communications Center, which dispatches fire and emergency services throughout the entire county

BCFPD's motion for summary judgment because section 321.320.2[2] does not give BCFPD command and control over fire incidents in the newly annexed territory by City ("subject areas")[3]; (2) section 321.320.2 does not give BCFPD the ability to enforce BCFPD Ordinance 21 in the subject areas because command and control of fire incidents does not relate to fire prevention and fire control; and (3) the trial court erred in denying the City's cross motion for summary judgment. Because the trial court's grant of summary judgment in favor of BCFPD depends entirely on the application of section 321.320.2, as was amended by House Bill No. 1446 ("H.B. 1446") in 2018, which the Missouri Supreme Court held is unconstitutional and unenforceable, the judgment of the trial court is reversed and remanded with instructions to dismiss the cause of action.

### Factual and Procedural Background

The parties do not dispute the facts of the case; they only argue the application of the law. BCFPD provides fire and emergency services for approximately 500 square miles in Boone County. BCFPD is a political subdivision formed under Chapter 321. A substantial portion of BCFPD's jurisdiction surrounds and borders City. City is a home rule charter city pursuant to Article VI, section 19(a) of the Missouri Constitution. City provides fire protection and emergency services to citizens in the City.

Over several decades, City has annexed certain territory within the boundaries of BCFPD, significantly affecting BCFPD's boundaries and tax base. To maintain the

_____

including both BCFPD and City. The County of Boone is only concerned with which department it should dispatch to incidents within the subject areas, but takes no position on the legal issue presented in this matter.

[2] All statutory references are to R.S.Mo. (2016), as updated by supplement unless otherwise indicated.

[3] Previously the subject areas were outside of the City's limits but inside the boundaries of BCFPD but were subsequently annexed into the City.

provision of emergency services to newly annexed areas, BCFPD and City entered into several territorial and cooperative agreements over the years to ensure that BCFPD could maintain fire stations and conduct emergency services to areas of the City that were difficult for City to effectively reach.  In 2017, BCFPD asserted that it was performing significant additional emergency runs into City for which it was not adequately being compensated, and it attempted to reach a new cooperative agreement with City to reconcile the alleged imbalance.  When the two parties were unable to reach an agreement, BCFPD terminated its existing agreement, effective April 2018.

At all relevant times, City fire chief, pursuant to a City ordinance, had "full power, control and command over all persons at fires, except police, and shall station the apparatus, and see to it that all persons belonging to the fire department perform the duties required of them by law and ordinance."  Columbia, Mo., Code Section 9-37(a) (1964).

During the 2018 regular session, the Missouri Legislature passed H.B. 1446, which amended section 321.320.  H.B. 1446 included an emergency clause making it effective immediately upon the Governor's signature.  H.B. 1446 was signed by the Governor on June 1, 2018 and became effective on that date.  Prior to the amendment, section 321.320 provided in toto:

> If any property, located within the boundaries of a fire protection district, is included within a city having a population of forty thousand inhabitants or more, which city is not wholly within the fire protection district, and which city maintains a city fire department, the property is excluded from the fire protection district.

H.B. 1446 amended section 321.320, making the language above a separate subsection 1 and added at the beginning of this subsection new language stating, "Except as otherwise

3

provided in this section," and further added four new subsections following the subsection quoted above. The new subsections added by H.B. 1446 included a new subsection 2 which provides, in relevant part:

> 2. Notwithstanding any provision of law to the contrary, unless otherwise approved by a majority vote of the governing body of the municipality and a majority vote of the governing body of the fire protection district, or otherwise approved by a majority vote of the qualified voters in the municipality and a majority vote of the qualified voters in the fire protection district, a fire protection district serving an area included within any annexation by a municipality located in any county of the first classification with more than one hundred fifty thousand but fewer than two hundred thousand inhabitants, or an area included within any annexation by a municipality in a county having a charter form of government, approved by a vote after January 1, 2008, including simplified boundary changes, shall, following the annexation:
>
> (1) Continue to provide fire protection services, including emergency medical services to such area;
>
> (2) Levy and collect any tax upon all taxable property included within the annexed area authorized under chapter 321;
>
> (3) Enforce any fire protection and fire prevention ordinances adopted and amended by the fire protection district in such area.

Section 321.320.2.

BCFPD argues the amended statute authorized certain fire protection districts, including BCFPD, that had property within its boundaries that was annexed into a city to: (1) continue providing fire protection services and (2) enforce any fire protection and fire prevention ordinances it adopted. *Id.* In response to the passage of H.B. 1446, BCFPD adopted Ordinance 21, which states in relevant part:

> [T]he [BCFPD] shall be solely responsible for the management of incidents that a fire protection district is "organized and empowered" to manage within its legal jurisdictional boundaries and will, at its sole discretion, determine

4

when it is appropriate to manage incidents within its legal jurisdictional boundaries using a single incident command structure, unified command structure or relinquish command to another agency in accordance with written guidelines established by the Board of Directors.

The fire chiefs for BCFPD and City exchanged letters outlining their belief that newly enacted section 321.320.2 gives their respective departments control over fire emergencies in the subject areas. Unable to reach an agreement on the effect of the new section 321.320.2, BCFPD filed a petition for a declaratory judgment. City filed a counterclaim for declaratory judgment and a motion for summary judgment, arguing section 321.320.2 does not give BCFPD control and command over fire incidents in the subject areas. BCFPD filed a cross motion for summary judgment arguing section 321.320.2 permits it to enforce its own ordinances, such as Ordinance 21, which gives it "sole[] responsib[ility]" over fire prevention in the subject areas.

The trial court granted summary judgment in favor of BCFPD. The trial court found BCFPD's Ordinance 21 and City's ordinance 9-37 in conflict because one jurisdiction cannot have "full power, control and command" of fire incidents while another is "solely responsible" for such incidents within the same area. Because the two ordinances directly conflict, the trial court held, one must preempt the other. The trial court found BCFPD's ordinance preempted City's ordinance because BCFPD Ordinance 21 was adopted and enforced pursuant to the authority of a statute, section 321.320.2. This appeal follows.

5

## Standard of Review

"The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, [we] need not defer to the trial court's determination and review[] the grant of summary judgment *de novo*." *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (internal quotations omitted). In reviewing the decision to grant summary judgment, we apply the same criteria as the trial court in determining whether summary judgment was proper. *Id.* "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Id.*

> "Ordinarily, the denial of a motion for summary judgment will not be reviewed on appeal." *Grissom v. First Nat'l Ins. Agency*, 371 S.W.3d 869, 879 (Mo. App. S.D. 2012). "Where, however, the material facts are undisputed and the merits of the denied cross-motion for summary judgment are inextricably intertwined with the issues raised in the granted motion for summary judgment, the merits of the denial of the cross-motion may be reviewed on appeal." *Farmer's Ins. Co. v. Wilson*, 424 S.W.3d 487, 491 n.4 (Mo. App. S.D. 2014).

*Behrick v. Konert Farms Homeowners' Ass'n*, 601 S.W.3d 567, 573 (Mo. App. E.D. 2020).

## Analysis

City's points on appeal argue the trial court erred: (1) in granting BCFPD's motion for summary judgment because section 321.320.2 does not give BCFPD command and control over fire incidents in the subject areas, (2) in granting BCFPD's motion for summary judgment because section 321.320.2 does not give BCFPD the ability to enforce Ordinance 21 in the subject area because command and control of fire incidents does not relate to fire prevention and fire control, and (3) in denying the City's cross motion for summary judgment because section 321.320.2 does not give BCFPD command and control over fire incidents in the subject areas.

As a home rule charter city, City has "all powers which the general assembly . . . has authority to confer upon [it], provided such powers are consistent with the constitution of [Missouri] and are not limited or denied either by the charter so adopted or by statute." Mo. Const. art. VI, section 19(a). City's ordinance vests the fire chief of City with "full power, control and command over all persons at fires[.]". Columbia, Mo., Code Section 9-37. City's ordinance clearly gives the City's fire chief control over fire incidents within its jurisdiction, including the subject areas, so long as it does not conflict with a statute.

BCFPD argues section 321.320.2 conflicts with City Ordinance 9-37 because it permits certain fire protection districts in newly annexed areas to "[c]ontinue to provide fire protection services" and "[e]nforce any fire protection and fire prevention ordinances adopted and amended by the fire protection district in such area." Section 321.320.2. Pursuant to section 321.320.2, BCFPD adopted Ordinance 21, which gives BCFPD "sole[] responsib[ility] for the management of incidents that a fire protection district is 'organized

7

and empowered' to manage[.]".  Absent authorization from section 321.320.2, BCFPD has no authority to enforce its own ordinances in the subject areas.

After the briefing in this case was complete, the Missouri Supreme Court held H.B. 1446, which includes the amendments to section 321.320, to be unconstitutional and unenforceable because the passage of H.B. 1446 violated Missouri's single subject rule. *City of De Soto v. Parson*, 625 S.W.3d 412, 415 (Mo. banc 2021).[4]  Therefore, the language of section 321.320 is returned to the version of the statute prior to the amendments contained in H.B. 1446, which provided:

> If any property, located within the boundaries of a fire protection district, is included within a city having a population of forty thousand inhabitants or more, which city is not wholly within the fire protection district, and which city maintains a city fire department, the property is excluded from the fire protection district.

This is the version of the statute the City and BCFPD were operating under prior to 2018, when they reached multiple agreements giving BCFPD the authority to provide some fire protection services within the City limits in the subject areas.  Fire protection districts maintain authority "[t]o adopt and amend bylaws, fire protection and fire prevention ordinances, and any other rules and regulations not in conflict with the constitution and laws of this state[.]".  Section 321.600 (12).  But this authority does not stretch beyond BCFPD's jurisdiction into the subject areas within the City limits.  Therefore, BCFPD's ordinance authorizing itself to be "solely responsible for the management of incidents that

---

[4] This court provided notice to the parties to be prepared to discuss the effect of the Supreme Court's decision at oral argument.  We note that the Supreme Court did not find the substantive changes to the statute to be unconstitutional; they held the method used by the Legislature in passing the bill to be unconstitutional.

8

a fire protection district is organized and empowered to manage" may not extend into the subject areas absent an agreement with the City.

City maintains "full power, control and command over all persons at fires" within the City, including in the subject areas. Because there is no dispute of material facts and no statute or agreement permits BCFPD to have authority of emergency services within the subject areas which are within the City limits, City is entitled to judgment as a matter of law on its cross motion for summary judgment. BCFPD makes no argument that it had authority over emergency services in the subject area based on the prior version of section 321.320 in effect prior to the Supreme Court's ruling striking down the amendments to this section in *City of De Soto*, 625 S.W.3d at 412. Accordingly, the judgment of the trial court granting BCFPD's motion for summary judgment is reversed. The City's counterclaim and cross-claim requests a declaratory judgment which is also wholly related to the same statute that has been declared unconstitutional, and the City agreed at oral argument that if this Court reversed the judgment in favor of BCFPD, the cause should be dismissed on remand.

## Conclusion

For the above stated reasons, the judgment of the trial court granting BCFPD's motion for summary judgment is reversed. We remand the case with instructions to the trial court to dismiss the cause of action.

_____
Gary D. Witt, Judge

All concur

9